IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ALFONSO R. MOSLEY,

    Plaintiff,

vs.

DOUGLAS COUNTY DEPT. OF CORRECTIONS,

    Defendant.

**8:25CV435**

**MEMORANDUM AND ORDER**

    This matter is before the Court for case management. The Prison Litigation Reform Act requires an imprisoned civil plaintiff to pay the Court's entire filing fee, either at the outset when filing the complaint, or in installments if the Court grants leave to proceed in forma pauperis ("IFP"). *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

    On September 19, 2025, the Court granted Plaintiff's motion seeking leave to proceed IFP and ordered him to pay an initial partial filing fee in the amount of $0.61 within 30 days. *See* Filing No. 9. To date, Plaintiff has not paid the initial partial filing fee or asked for an extension of time in which to do so. Accordingly, the Court will require Plaintiff to show cause why this case should not be dismissed for his failure to pay the initial partial filing fee.

    If Plaintiff's failure to pay by the Court's deadline was caused by prison officials' failure to adhere to his request to remit payment using funds from his account or other circumstances beyond his control, his failure to pay within the time ordered by the Court will be excused. Absent a sufficient response, the case will be subject to dismissal. *See Taylor v. Cassady*, 570

Fed. App'x. 632 (8th Cir. 2014) (holding district court abused its discretion by dismissing case without first taking steps to determine whether prisoner-plaintiff's failure to pay the initial partial filing fee "was caused by circumstances beyond his control, such as prison officials' failure to adhere to his request to remit payment using funds from his account").

The Court also notes that when Plaintiff filed this action, he was confined in the Douglas County Department of Corrections ("DCDC"). *See* Filing No. 1. According to the DCDC's online inmate records, Plaintiff is no longer confined at the institution. *See* https://corrections.dccorr.com/inmate-locator (last visited Nov. 6, 2025). Plaintiff has an obligation to keep the Court informed of his current address at all times. *See* NEGenR 1.3(e) and (g) (requiring pro se parties to adhere to local rules and inform the Court of address changes within 30 days). This case cannot be prosecuted in this Court if Plaintiff's whereabouts remain unknown.

IT IS THEREFORE ORDERED that:

1. Plaintiff will have 30 days to show cause why this case should not be dismissed for failure to pay the initial partial filing fee. In the absence of cause shown, this case will be dismissed without prejudice and without further notice.

2. Plaintiff must also update his address within 30 days. Failure to do so will result in dismissal of this action without further notice to Plaintiff.

3. The Clerk of Court is directed to set a pro se case management deadline in this case using the following text: **December 10, 2025**: check for response to show cause order and updated address.

Dated this 10th day of November, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge

3